[No. 19666-2-II. Division Two. January 3, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. JIMMY DAN REED, *Appellant*.

*Thad E. Scudder*, for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney*, and *Stephen P. Scott, Deputy*, for respondent.

ARMSTRONG, J. — The State convicted Jimmy Reed of unlawful possession of a firearm. On appeal, Reed argues that the unlawful possession statute requires the State to prove that he knew his firearm possession was illegal and that he knew of his prior disqualifying felony. He also contends that the statute violates the state and federal constitutions' equal protection clauses because defendants convicted after 1994 must be notified that their possession of a firearm is unlawful, while defendants convicted before 1994 are not so informed. Because the unlawful possession statute does not require knowledge that possession is illegal and because Reed has not satisfied his initial burden in challenging the constitutionality of his predicate conviction, we affirm the unlawful possession conviction. Furthermore, we find no equal protection violation because a rational basis exists for giving notice to those convicted after July 1994 and not to those convicted before that date. We affirm.

## FACTS

In 1984, Jimmy Dan Reed pled guilty to a felony drug charge under RCW 69.50. At the time, it was illegal for a person convicted of a drug offense to own or possess any *short* firearm or pistol. *Former* RCW 9.41.040(4). The statute defined both weapons as any firearm with a barrel less than 12 inches in length. *Former* RCW 9.41.010(1). Reed either then owned or later acquired a .22 caliber rifle.

In 1994, the Legislature amended the statute, making it illegal for certain convicted felons to own or possess *any* firearm. RCW 9.41.040(1)(b) (LAWS OF 1994, 1st Spec. Sess., ch. 7, § 402). The Legislature also enacted RCW 9.41.047, which requires the court to notify a person at the time of conviction of his or her ineligibility to possess a firearm.

In January 1995, the police arrested Reed on charges of felony harassment. The State also charged Reed with

unlawful possession of a firearm, a .22 caliber rifle. At trial, Reed argued to the trial court that he did not know that he had a prior conviction. Reed contended, in an offer of proof, that he believed his prior conviction had been reduced or dismissed in exchange for serving as a police informant. Officer Seals testified that, about 10 years earlier, the police and the prosecutor agreed with Reed to release him from jail if he worked as an informant on a set number of drug deals. Although Seals did not know the specifics, he believed the agreement called for either a reduced sentence or a dismissal of some charges against Reed.

In response to this testimony, the State introduced a copy of the 1984 judgment and sentence in which Reed pled guilty to a drug offense. The trial court judge, who had brought the 1984 drug charge against Reed while serving as a prosecutor, stated that he would not have signed the information in violation of an agreement. The judge, however, did not know whether the agreement pertained to this drug conviction, or other charges against Reed. Seals also did not know whether the agreement pertained to the drug conviction or other charges. The trial court, therefore, rejected Reed's offer of proof. The jury then convicted Reed of unlawful possession of a firearm.

## ANALYSIS

### 1. Knowledge Element under RCW 9.41.040

Reed first argues that RCW 9.41.040 requires a defendant to know that possession of a firearm is unlawful and to know of the prior disqualifying felony. He contends that, although the statute does not contain an express criminal intent element, an implied element should be read into RCW 9.41.040.

The State charged Reed with unlawful possession of a firearm under former RCW 9.41.040. The statute, in part, provided:

(1) A person, whether an adult or juvenile, is guilty of the

crime of unlawful possession of a firearm if the person owns, has in his or her possession, or has in his or her control any firearm:

. . . .

(b) After having previously been convicted of any felony violation of the uniform controlled substances act, chapter 69.50 RCW . . . .

RCW 9.41.040. Under this statute, knowledge that possession is unlawful is not an element of the crime. Federal courts repeatedly have held that scienter, or knowledge that possession is unlawful, is not an element under a similar federal statute, 18 U.S.C. § 922, prohibiting convicted felons from transporting or receiving firearms in interstate commerce. *See United States v. Smith*, 940 F.2d 710, 714 (1st Cir. 1991) ("The government need only prove that Smith knew he possessed the firearms, not that he understood that such possession was illegal."); *United States v. Schmitt*, 748 F.2d 249, 252 (5th Cir. 1984), *cert. denied*, 471 U.S. 1104 (1985).

In support of his argument, Reed cites *Staples v. United States*, 511 U.S. 600, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994). The case, however, is distinguishable. In *Staples*, the defendant possessed an unregistered semiautomatic weapon that had been modified to fire fully automatic. *Staples*, 114 S. Ct. at 1796. The National Firearms Act, 26 U.S.C. §§ 5801-5872, makes it unlawful for any person to possess, unless properly registered, a machine gun, defined as a weapon that automatically fires more than one round with each trigger pull. 26 U.S.C. §§ 5841, 5845(a)(6), 5845(b). Staples argued that his ignorance of the automatic fire capabilities of his modified semiautomatic should shield him from liability for the unregistered weapon. *Staples*, 114 S. Ct. at 1796. The court noted that semiautomatic weapons may be converted to automatic by either internal modification, or simple wear and tear; in either case, the gun would give no externally visible indication that it is fully automatic. *Staples*, 114 S. Ct. at 1802. The

court, therefore, held that the government had to prove that the defendant knew the weapon could fire on automatic. *Staples*, 114 S. Ct. at 1804. The court, however, did not hold that the government must prove the defendant knew that ownership of the weapon was illegal. Under *Staples*, therefore, a defendant must know of the characteristics that make a weapon illegal; the State, however, does not have to prove a defendant knows the law making his or her ownership of the weapon illegal.

 Reed also argues that he did not know it was illegal for him to possess a firearm. But ignorance of the law is no excuse. *See State v. Patterson*, 37 Wn. App. 275, 282, 679 P.2d 416, *review denied*, 103 Wn.2d 1005 (1984). And Reed does not argue that he was unaware of any characteristic of the weapon making it illegal; indeed, he cannot because possession of any firearm by him is illegal. Furthermore, a good faith belief that a certain activity does not violate the law is also not a defense in a criminal prosecution. *See Patterson*, 37 Wn. App. at 282.

██ ██ Reed argues, however, that he did not know of his prior disqualifying felony status. The possession statute, RCW 9.41.040, requires a constitutionally valid predicate conviction. *State v. Gore*, 101 Wn.2d 481, 486, 681 P.2d 227 (1984). The existence of a constitutionally valid prior conviction is an essential element of the offense, one the State must prove beyond a reasonable doubt. *State v. Swindell*, 93 Wn.2d 192, 196-97, 607 P.2d 852 (1980). A defendant, therefore, may raise a defense to a firearm possession charge by challenging the constitutional validity of the predicate conviction. *State v. Summers*, 120 Wn.2d 801, 812, 846 P.2d 490 (1993). Thus, if Reed was somehow convicted of the underlying crime without at the time knowing of the conviction, he could raise the constitutional error at the later trial for unlawful possession.

But, in raising this defense, the defendant bears the initial burden of offering a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction. *Summers*, 120 Wn.2d at 812. The State

then must prove beyond a reasonable doubt that the predicate conviction is constitutionally sound. *Summers*, 120 Wn.2d at 812. The State's burden arises only after the defendant has made an initial showing. *Summers*, 120 Wn.2d at 812.

Here, Reed argued to the trial court that he did not know that he had a prior conviction. Reed contended that he believed his prior conviction had been reduced or dismissed in exchange for working as a police informant. Officer Seals testified that the police and the prosecutor agreed with Reed to release him from jail in exchange for work on a set number of drug deals. Seals did not know the specifics of the agreement. He, however, believed that the agreement called for either a reduced sentence or a dismissal of some charges against Reed.

In response, the State introduced a copy of the 1984 judgment and sentence in which Reed, with counsel, pled guilty to a drug offense. Reed introduced no evidence that the plea was not made voluntarily. The trial court judge, who had brought the 1984 drug charge against Reed as a prosecutor, stated that he would not have signed the information in violation of an agreement. The judge, however, did not know whether the agreement pertained to this drug conviction, or other charges against Reed. Seals also did not know whether the agreement pertained to the drug conviction or other charges. Reed, therefore, did not made a colorable, fact-specific argument supporting a claim of constitutional error with regard to the drug conviction. Accordingly, the trial court properly denied Reed's offer of proof that he had no knowledge of his underlying conviction.

2. Unlawful Possession of a Firearm and Equal Protection

■■ Reed then argues that RCW 9.41.040 and 9.41.047 violate the equal protection clauses of the Washington and United States Constitutions because persons convicted of a disabling crime after July 1994 are notified, upon being convicted, that they are prohibited from gun owner-

ship, while those convicted before July 1994 are not notified. In reviewing a challenge under the equal protection clauses of the Washington and United States Constitutions to legislation that does not infringe upon a fundamental right or create a suspect classification, the court will engage in only minimum scrutiny of the law. *American Network, Inc. v. Utilities & Transp. Comm'n*, 113 Wn.2d 59, 77-78, 776 P.2d 950 (1989). Under this "minimal scrutiny" or "rational basis" test, the legislative classification will be upheld unless it rests on grounds wholly irrelevant to achieving legitimate state objectives. *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993). The challenger bears a heavy burden to show that there is no rational basis for the classification. *American Network*, 113 Wn.2d at 78; *Shawn P.*, 122 Wn.2d at 561. Reed concedes that the rational basis test applies.

■■ Here, Reed has not met this burden. RCW 9.41.047 and RCW 9.41.040 create three categories of persons convicted of a disabling crime: (1) those convicted in Washington after July 1994, (2) those convicted outside of Washington either before or after July 1994, and (3) those convicted in Washington before July 1994. All are prohibited from owning or possessing firearms, but only those convicted in Washington after July 1994 are given actual notice of the prohibition. RCW 9.41.047. One readily apparent distinction among the classes is the difficulty of giving notice. Notice to persons in court at the time of conviction is easily accomplished. Notice to all those convicted in Washington before July 1994 is more difficult — probably impossible for some convicted many years ago. Notice to those entering Washington with out-of-state convictions is probably impossible in most cases. Yet, providing notice to as many as possible is a worthwhile goal, not to be frustrated by the impossibility of providing notice to all. We view the statutory notice plan as simply an improvement in the sentencing procedure; such improvements have been held to be a rational basis for different classifications. *Foster v. Washington State Bd. of*

*Prison Terms & Parole*, 878 F.2d 1233, 1235 (9th Cir. 1989) (no equal protection violation in sentencing persons under one system for crimes committed before July 1, 1984 and under a different system for crimes committed afterward). Thus, because giving notice to persons currently convicted is rationally related to the legitimate state objective of improvements in sentencing, RCW 9.41.040 and RCW 9.41.047 do not violate the state and federal equal protection clauses. *See Foster*, 878 F.2d at 1235. We, therefore, affirm Reed's conviction for unlawful possession of a firearm.

SEINFELD, C.J., and HOUGHTON, J., concur.