[No. 39730-3-I. Division One. November 10, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY MUKIBI SEMAKULA, *Appellant*.

---

[16]RCW 2.06.040.

*Shauna C. O'Connor* and *Eric J. Nielsen* of *Nielsen, Broman & Associates*, P.L.L.C., for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Amy J. Freedheim* and *Susan L. Mahoney, Deputies*, for respondent.

BAKER, C.J. — Due process requires the State to prove all elements of a crime beyond a reasonable doubt. Convicted of unlawful possession of a firearm, Timosthy Semakula argues on appeal that the State should have been required to prove that he knowingly violated the unlawful possession statute. Because the State failed to present any evidence of guilty knowledge, Semakula claims that there was insufficient evidence to convict him.

A convicted felon's knowledge that his right to gun ownership is statutorily prohibited is not an element of the crime of unlawful possession of a firearm. Although we may imply a mental element in a statute that is otherwise silent on the issue, we decline to read a guilty knowledge element into the unlawful possession of a firearm statute. This conclusion does not conflict with the requirement that a defendant must know the facts that make his or her conduct illegal, which we distinguish from requiring the State to prove that the defendant knew that the conduct itself was illegal.

## FACTS

In 1990 Semakula, then a juvenile, was adjudicated guilty of burglary in the second degree. At the time, the unlawful possession of a firearm statute made no refer-

ence to juvenile offenders.[1] In 1992 the Legislature amended the statute to include juvenile adjudications as predicate offenses.[2] In 1994 the Legislature amended the statute again and enacted RCW 9.41.047, which requires notification at the time of conviction of ineligibility to possess a firearm.[3]

In 1996 Semakula was charged by information with one count of unlawful possession of a firearm in the first degree, in violation of the 1995 version of the statute.[4] Semakula was convicted of the charge on stipulated facts, and sentenced to 21 months.

According to Semakula, former RCW 9.41.040 requires the State to prove his guilty knowledge, *i.e.*, that he knew that it was illegal for him to possess a firearm. Because due process requires the State to prove all elements of a crime beyond a reasonable doubt, Semakula argues that the State's failure to provide any proof of guilty knowledge requires reversal of his conviction. He characterizes his argument as a challenge to the sufficiency of the evidence in support of his conviction.

## I

■ ■ Sufficiency of the evidence is a question of constitutional magnitude that may be raised for the first time on appeal.[5] We must determine whether, upon viewing the evidence most favorable to the State, any rational trier of fact could have found the essential elements of

---

[1] *See* RCW 9.41.040(1) (1989); Laws of 1983, ch. 232, § 2.

[2] *See State v. McKinley*, 84 Wn. App. 677, 682, 929 P.2d 1145 (1997) (citing Laws of 1992, ch. 205, § 118) (holding that juvenile adjudication of guilt constitutes a conviction for purposes of the 1995 version of the unlawful possession of a firearm statute).

[3] RCW 9.41.047(1)(a); Laws of 1994, 1st Spec. Sess., ch. 7, § 404.

[4] RCW 9.41.040(1)(a); Laws of 1995, ch. 129, § 16 (former RCW 9.41.040). The statute was amended again in 1996. Laws of 1996, ch. 295, § 2.

[5] *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983); *see also* RAP 2.5(a)(3).

unlawful possession of a firearm beyond a reasonable doubt.[6]

Under former RCW 9.41.040(1)(a)

A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter[.]

Although the plain language of former RCW 9.41.040(1)(a) does not include a knowledge element, Semakula argues that an implied knowledge element should be read into the statute. According to Semakula, legislative intent imputes a mental element. The State argues that the Legislature intended unlawful possession of a firearm to be a strict liability crime, requiring only proof of the predicate crime and the fact of firearm possession.

## II

Deciding whether a statute sets forth a strict liability crime is a question of statutory construction aimed at discerning legislative intent.[7] Our inquiry begins with the language of the statute and its legislative history.[8] Factors to consider that bear upon legislative intent to impose strict liability include: (1) the background rules of the common law, and its conventional mens rea requirement, (2) whether the crime can be characterized as a public welfare offense, (3) the extent to which a strict liability reading of the statute would encompass innocent conduct, (4) the harshness of the penalty, (5) the seriousness of the harm to the public, (6) the ease or difficulty of the defendant ascertaining the true facts, (7) relieving the

---

[6]*State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980).

[7]*State v. Bash*, 130 Wn.2d 594, 604-05, 925 P.2d 978 (1996).

[8]*Bash*, 130 Wn.2d at 605.

prosecution of time-consuming and difficult proof of fault, and (8) the number of prosecutions expected.[9]

Arguing for an imputed mental element, Semakula focuses on the severity of the penalty[10] and the statutory requirement of notification at the time of conviction of ineligibility to possess a firearm, a requirement enacted after Semakula was adjudicated guilty of his predicate offense.[11]

 Although criminal offenses with no mens rea requirement are generally disfavored, the Legislature may dispense with the requirement.[12] We decline Semakula's invitation to read a guilty knowledge element into the plain language of RCW 9.41.040, and agree with the holding reached by Division Two of this court in *State v. Reed*.[13] Knowledge that possession is unlawful is not an element of the crime of unlawful possession of a firearm nor does good faith belief that a certain activity does not violate the law provide a defense in a criminal prosecution.[14] As noted in *Reed*, federal courts have held that knowledge that possession is unlawful is not an element under 18 U.S.C. § 922, which prohibits convicted felons from transporting or receiving firearms in interstate commerce.[15]

---

[9]*Bash*, 130 Wn.2d at 605-06 (citing considerations identified by the United States Supreme Court in *Staples v. United States*, 511 U.S. 600, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) and 1 WAYNE R. LaFAVE & AUSTIN W. SCOTT, SUBSTANTIVE CRIMINAL LAW § 3.8, at 341-44 (1986)).

[10]Unlawful possession of a firearm in the first degree is a class B felony, punishable by imprisonment in a state correctional institute for a maximum term of not more than 10 years, and/or by a fine of not more than twenty thousand dollars. RCW 9.41.040(2)(a); 9A.20.020(1)(b).

[11]*See* RCW 9.41.047(1)(a).

[12]*See State v. Coria*, 120 Wn.2d 156, 165, 839 P.2d 890 (1992) (citing *United States v. Falu*, 776 F.2d 46, 49 (2d Cir. 1985)).

[13]84 Wn. App. 379, 383, 928 P.2d 469 (1997).

[14]*See Reed*, 84 Wn. App. at 384 (citing *State v. Patterson*, 37 Wn. App. 275, 282, 679 P.2d 416, *review denied*, 103 Wn.2d 1005 (1984)).

[15]*See Reed*, 84 Wn. App. at 383 (citing *United States v. Smith*, 940 F.2d 710, 714 (1st Cir. 1991) and *United States v. Schmitt*, 748 F.2d 249, 252 (5th Cir. 1984)).

In 1994 the Legislature noted the dramatic increase in random violence, including homicide and the use of firearms, and found that

> violence is abhorrent to the aims of a free society and that it cannot be tolerated. State efforts at reducing violence must include changes in criminal penalties, reducing the unlawful use of and access to firearms, increasing educational efforts to encourage nonviolent means for resolving conflicts, and allowing communities to design their prevention efforts.

> The legislature finds that the problem of violence can be addressed with many of the same approaches that public health programs have used to control other problems such as infectious disease, tobacco use, and traffic fatalities.[16]

Semakula ignores these legislative findings, focusing instead on the "long tradition of widespread lawful gun ownership by private individuals in this country."[17]

Semakula's reliance on *Staples v. United States* and *State v. Bash* is misplaced. *Staples* addressed whether the federal crime of unlawful possession of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d), requires proof that a defendant knew the characteristics of the weapon that made it a firearm under the Act.[18] The court applied the "usual presumption that a defendant must know the facts that make his conduct illegal" in reaching the narrow holding that to obtain a conviction under the statute, the government must prove that the petitioner knew of the features of his gun that brought it within the scope of the Act.[19] The *Staples* court did not hold that the

---

[16]Laws of 1994, 1st Spec. Sess., ch 7, § 101.

[17]*Staples*, 511 U.S. at 610.

[18]*Staples*, 511 U.S. at 604.

[19]*Staples*, 511 U.S. at 619; *see also United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994) (noting that the presumption in favor of a scienter requirement should apply to each statutory element that criminalizes otherwise innocent conduct, and that *Staples* held that the features of gun as technically described by the firearm registration Act was such an element).

government must prove that a defendant knew it is illegal to possess a machine gun.

*Bash* considered RCW 16.08.100(3), which provides that the owner of a dog that aggressively attacks and causes severe injury or death of a human being is guilty of a class C felony.[20] The court held that the elements of the crime include proof that the defendant "either knew or should have known that his or her dog was a potentially dangerous or dangerous dog".[21] Contrary to what Semakula's argument implies, the court did not hold that the State must prove the dog owner's knowledge of the illegality of ownership of a potentially dangerous or dangerous dog. Rather, the court acknowledged that a defendant could assert a defense of lack of knowledge of the viciousness of the animal, similar to the defense of unwitting possession in a drug possession case.

We hold that knowledge of the illegality of possession of a firearm is not an element of that crime. We also reject Semakula's argument that *Reed* was wrongly decided. Although Semakula correctly notes that *Staples* focused on the nature of the thing regulated and the harshness of the penalty involved,[22] the *Reed* court did not misread the *Staples* holding. We decline to interpret enactment of the notice requirement of RCW 9.41.047 as an indication of legislative intent to add knowledge of the illegality of possession as an element of RCW 9.41.040.[23]

### III

Under *Staples* the State must prove that the defendant knew the facts that constitute the criminal conduct, but

---

[20]*See Bash*, 130 Wn.2d at 597.

[21]*Bash*, 130 Wn.2d at 611.

[22]*See Staples*, 511 U.S. at 619-20.

[23]In response to an equal protection argument raised in *Reed*, the court noted that "providing notice to as many as possible is a worthwhile goal, not to be frustrated by the impossibility of providing notice to all." *Reed*, 84 Wn. App. at 386.

not that the defendant knew the conduct was illegal.[24] Following this principle, unwitting possession is an affirmative defense to the crime of unlawful possession of a firearm. If a defendant can affirmatively establish that possession was unwitting, then there has been no possession for which the law will convict.[25] A defendant may also raise a defense to unlawful possession of a firearm by challenging the constitutional validity of the predicate conviction.[26] The State does not challenge the availability of either of these two defenses.

Semakula acknowledged his prior burglary in the second degree conviction and does not challenge its validity. Semakula also stipulated that the gun found in his possession belonged to him. Semakula therefore has not raised either of the available affirmative defenses.[27]

Affirmed.

COLEMAN and KENNEDY, JJ., concur.

Review denied at 134 Wn.2d 1022 (1998).

---

[24]*See Reed,* 84 Wn. App. at 384 ("Under *Staples* . . . a defendant must know of the characteristics that make a weapon illegal; the State, however, does not have to prove a defendant knows the law making his or her ownership of the weapon illegal.").

[25]*See State v. Cleppe,* 96 Wn.2d 373, 380-81, 635 P.2d 435 (1981) (discussing the unwitting possession affirmative defense to the crime of possession of a controlled substance); *see also State v. Knapp,* 54 Wn. App. 314, 320, 773 P.2d 134 (noting that *Cleppe* identified unwitting possession as an exception to the crime of possession of a controlled substance), *review denied,* 113 Wn.2d 1022 (1989).

[26]*State v. Gore,* 101 Wn.2d 481, 486, 681 P.2d 227, 39 A.L.R. 4TH 975 (1984) (court interprets RCW 9.41.040 as requiring a constitutionally valid predicate conviction); *Reed,* 84 Wn. App. at 384 (citing *State v. Summers,* 120 Wn.2d 801, 812, 846 P.2d 490 (1993)).

[27]We note that although the State argues that RCW 9.41.040 is not unconstitutionally vague as applied in this case, Semakula has not raised this issue on appeal. Instead, Semakula's due process challenge is premised on an insufficiency of the evidence allegation.