27 P.3d 237 (2001)
107 Wash.App. 270
STATE of Washington, Respondent,
v.
Sylvester C. LOPEZ, Sr., Appellant.
No. 19373-0-III.
Court of Appeals of Washington, Division 3, Panel Two.
July 17, 2001.
*238 Carl E. Hueber, Winston & Cashatt, Spokane, for Appellant.
Joseph M. Golden, Deputy Prosecuting Attorney, Walla Walla, for Respondent.
BROWN, A.C.J.
A jury convicted Sylvester Lopez, Sr. of two counts of first degree assault, two counts of second degree assault, and one count of unlawful possession of a firearm. The trial court found Mr. Lopez to be a persistent offender and sentenced him to life without the possibility of parole. We reverse the unlawful possession conviction because of defense counsel's ineffective assistance in failing to move for dismissal at the conclusion of the State's case. We vacate the persistent offender sentence and remand for resentencing because the trial court did not properly establish the predicate convictions after Mr. Lopez objected.

FACTS
On January 11, 2000, the State charged Mr. Lopez with four counts of first degree assault with a firearm and one count of unlawful possession of a firearm in the first degree. The trial court held a hearing on *239 February 28, 2000 to address pretrial motions, including motions for change of venue and reduced bail. Regarding pretrial publicity, defense counsel Karen Koehmstedt stated:
This is listed as a 3 strikes assault case on February 1st, 2000. And I'm unaware of whether or not the State has filed the notice of intent to pursue the case as such. I have not received a copy of anything in that regard.
Report of Proceedings (RP) at 12. In response to Mr. Lopez's motion for reduced bail, the prosecutor stated: "Mr. Lopez is facing his third strike." RP at 21. On May 1, 2000, substituted counsel, Tracy Collins, unsuccessfully renewed the motion to dismiss.
Regarding the unlawful possession charge, the State presented no evidence that Mr. Lopez had been convicted of a serious offense at the time of the assaults. Upon conclusion of the State's case in chief, defense counsel did not move for dismissal of the unlawful possession charge.
Then, Mr. Lopez took the stand and admitted on direct examination that he had been previously convicted of first degree burglary. On May 3, 2000, the jury found Mr. Lopez guilty of two counts of first degree assault, two counts of the lesser-included offense of second degree assault, and one count of unlawful possession of a firearm in the first degree. After the jury had been dismissed, the trial court stated: "It's my understanding based upon the convictions that this would be a third strike and the maximum sentence of life without parole would be imposed." RP at 406.
At the sentencing hearing, defense counsel raised the following objections:
First of all, I think that an objection is in order just for purposes of the record, judge, with respect to the fact that Mr. Lopez was not formally charged by notification with the fact that he was facing a life sentence, a life sentence based on the fact of his third strike, that it was not pled in the information. I know that's not the state of the case law at this point. In the future I have a feeling, the judges on the Supreme Court are split on that issue, and it will turn that way.
Secondly, I think that in order to impose the life sentence the Court has got before it, that we need to have the prior sentences stated as relying on proved by a preponderance of the evidence, which would require that we do have two separate judgments and sentences for two separate incidents prior to that date that are serious offenses.
RP at 408-09.
The trial court denied the first objection. Regarding the second, the prosecutor indicated he could provide copies of the relevant judgments and sentences, but did not have them on hand. Stating it was "unaware of any procedure that requires that[,]" the trial court went ahead and sentenced Mr. Lopez to life without the possibility of parole. RP at 409. Following sentencing as a persistent offender, Mr. Lopez appealed.

ANALYSIS

A. Ineffective Assistance of Counsel
The issue is whether counsel was ineffective for failing to move for dismissal of the unlawful firearm possession charge after the State had rested.
A defendant alleging ineffective assistance of counsel must show (1) counsel's representation was deficient, and (2) the deficiency prejudiced the defendant. State v. Hendrickson, 129 Wash.2d 61, 77-78, 917 P.2d 563 (1996); Strickland v. Washington, 466 U.S. 668, 687-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "If either part of the test is not satisfied, the inquiry need go no further." Hendrickson, 129 Wash.2d at 78, 917 P.2d 563 (citing State v. Lord, 117 Wash.2d 829, 894, 822 P.2d 177 (1991)); State v. Fredrick, 45 Wash.App. 916, 729 P.2d 56 (1986).
Counsel is presumed to properly represent a defendant. Hendrickson, 129 Wash.2d at 77, 917 P.2d 563. Performance is deficient when it falls "below an objective standard of reasonableness" under prevailing professional norms. In re Personal Restraint of Rice, 118 Wash.2d 876, 888, 828 *240 P.2d 1086 (1992) (citing Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052). Counsel's performance is evaluated against the entire record. State v. White, 81 Wash.2d 223, 225, 500 P.2d 1242 (1972).
"Representation of a criminal defendant entails certain basic duties." Strickland, 466 U.S. at 688, 104 S.Ct. 2052. Among those duties, defense counsel must employ "such skill and knowledge as will render the trial a reliable adversarial testing process." Id. From a due process standpoint, the adversarial testing process requires the State to prove every element of the crime beyond a reasonable doubt. State v. Davis, 141 Wash.2d 798, 899, 10 P.3d 977 (2000). It follows that defense counsel has a basic duty to protect the defendant's due process interests by challenging the State's failure to prove an essential element of the charged crime. See generally Eure v. State, 764 So.2d 798, 801 (Fla.Dist.Ct.App.2000) (concluding defense counsel's failure to object to improper remarks by prosecutor constituted deficient performance); State v. Horness, 600 N.W.2d 294, 300 (Iowa 1999) (reasoning counsel's failure to object to breach of plea agreement constituted deficiency); State v. Snyder, 860 P.2d 351, 359 (Utah Ct.App. 1993) (holding counsel's failure to meet filing deadline for suppression motion was deficient representation).
Here, counsel failed to move to dismiss for insufficient evidence at the end of the State's case in chief. RCW 9.41.040(1)(a) states:
A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter.
"The possession statute, RCW 9.41.040, requires a constitutionally valid predicate conviction." State v. Reed, 84 Wash.App. 379, 384, 928 P.2d 469 (1997) (citing State v. Gore, 101 Wash.2d 481, 486, 681 P.2d 227, 39 A.L.R.4th 975 (1984)). "The existence of a constitutionally valid prior conviction is an essential element of the offense, one the State must prove beyond a reasonable doubt." Reed, 84 Wash.App. at 384, 928 P.2d 469 (citing State v. Swindell, 93 Wash.2d 192, 196-97, 607 P.2d 852 (1980);) see also State v. Tully, 198 Wash. 605, 608, 89 P.2d 517 (1939) (holding State must allege and prove previous conviction).
Here, the State presented no evidence showing Mr. Lopez had been convicted of a serious offense prior to the alleged assault. The sole evidence of a previous conviction was Mr. Lopez's fleeting admission during his direct testimony in the defense phase of the trial.
"In a criminal case, a defendant may challenge the sufficiency of the evidence (a) before trial, (b) at the end of the State's case in chief, (c) at the end of all the evidence, (d) after verdict, and (e) on appeal." State v. Jackson, 82 Wash.App. 594, 607-08, 918 P.2d 945 (1996) (footnotes omitted). "At the end of the State's case in chief, a court examines sufficiency based on the evidence admitted at trial so far." Jackson, 82 Wash.App. at 608, 918 P.2d 945. Here, defense counsel should have moved for dismissal of the unlawful possession charge at the close of the State's case in chief. Because the State had neglected to prove an essential element of unlawful firearm possession, the trial court would have necessarily granted the motion.
Ordinarily, counsel's strategic or tactical decisions will not provide a basis for an ineffectiveness challenge. Hendrickson, 129 Wash.2d at 77-78, 917 P.2d 563. But here, no sound strategic or tactical reason is evident for counsel's failure to move for dismissal at the end of the State's case in chief. Id. at 79-80, 917 P.2d 563. "Moreover, no possible advantage could flow" to Mr. Lopez from counsel's failure to move for dismissal. Horness, 600 N.W.2d at 300 (citing State v. Carrillo, 597 N.W.2d 497, 500 (Iowa 1999)). "Defense counsel's failure in this regard simply cannot be attributed to improvident trial strategy or misguided tactics." Horness, 600 N.W.2d at 300 (citing Osborn v. State, 573 N.W.2d 917, 922 (Iowa 1998)). Here, counsel's representation was deficient. See Hendrickson, *241 129 Wash.2d at 78-79, 917 P.2d 563.
Deficient representation will prejudice a defendant when a reasonable probability exists that but for the deficiency, the result of the trial would have been different. Hendrickson, 129 Wash.2d at 78, 917 P.2d 563. Mr. Lopez's admission of his first degree burglary conviction came after the State had rested when defense counsel's direct questioning of Mr. Lopez first introduced the critical evidence.
The State contends the testimony of other witnesses established Mr. Lopez's "inappropriate conduct." Respondent's Brief at 3. But, none of those witnesses testified as to Mr. Lopez's prior criminal history. By failing to move for dismissal, and then eliciting the necessary evidence from Mr. Lopez, defense counsel essentially gifted the State with a certain conviction. Accordingly, Mr. Lopez was prejudiced by counsel's deficient performance. We must reverse the unlawful possession conviction.
Mr. Lopez broadly suggests this prejudice transfers to the four assault convictions as well. Because Mr. Lopez presents no citation to authority or reasoned argument in support of this theory, we decline review. Smith v. King, 106 Wash.2d 443, 451-52, 722 P.2d 796 (1986). Moreover, contrary to Mr. Lopez's prejudice allegation, the remaining record shows a "vigorous and competent defense" regarding the assault charges. State v. Bonisisio, 92 Wash.App. 783, 798, 964 P.2d 1222 (1998), review denied, 137 Wash.2d 1024, 980 P.2d 1285 (1999).

B. Persistent Offender Sentencing
The issue is whether the trial court erred when imposing a persistent offender sentence based on the record before it following Mr. Lopez's objection that the record lacked sufficient evidence of the necessary predicate convictions.
"Under the SRA [Sentencing Reform Act], the trial court must conduct a sentencing hearing and, if the court decides by a preponderance of the evidence that a defendant has a criminal history, the court must specify the convictions it has found to exist." State v. Thorne, 129 Wash.2d 736, 781, 921 P.2d 514 (1996) (citing RCW 9.94A.110). Sentencing under the persistent offender section of the SRA raises two questions of fact, "whether certain kinds of prior convictions exist and whether the defendant was the subject of those convictions[.]" Id. at 783, 921 P.2d 514.
"Fundamental principles of due process" prohibit sentencing a defendant on the basis of facts unsupported in the record. State v. Ford, 137 Wash.2d 472, 481, 973 P.2d 452 (1999), review denied, 11 P.3d 824 (2000). The trial court must rely on facts having "`some basis in the record.'" Ford, 137 Wash.2d at 482, 973 P.2d 452 (quoting State v. Bresolin, 13 Wash.App. 386, 396, 534 P.2d 1394 (1975)) (emphasis omitted). "The best evidence of a prior conviction is a certified copy of the judgment." Ford, 137 Wash.2d at 480, 973 P.2d 452 (citing State v. Cabrera, 73 Wash.App. 165, 168, 868 P.2d 179 (1994)). Other comparable documents or transcripts of prior proceedings may suffice. Ford, 137 Wash.2d at 480, 973 P.2d 452.
Apart from Mr. Lopez's admission during trial of one prior conviction, and non-documented references in the sentencing report to Mr. Lopez's criminal history, the record before the sentencing court was devoid of concrete evidence of the necessary predicate convictions. The PSI criminal history references will not suffice because of Mr. Lopez's objection. To the State's credit, when Mr. Lopez objected, the prosecutor, not having the necessary evidence at hand, offered to produce copies of the relevant judgments and sentences. Despite the offer to provide proof of the predicate convictions, the trial court proceeded with the sentencing indicating it was "unaware of any procedure that requires that [.]" RP at 409. This was error.
"Determinations regarding the severity of criminal sanctions are not to be rendered in a cursory fashion." Ford, 137 Wash.2d at 484, 973 P.2d 452. "Sentencing courts require reliable facts and information." Id. By going forward without evidence of the critical prior convictions, the trial court effectively relieved the State of its burden of proving Mr. Lopez's criminal history. *242 Thus, the persistent offender finding cannot be sustained. Resentencing is required without application of the persistent offender law. Id. at 485, 973 P.2d 452.
Remand for an evidentiary hearing is appropriate where the defendant has failed to object. Id. But here Mr. Lopez did object. "[W]here the State fails to carry its burden of proof after a specific objection, it would not be provided a further opportunity to do so." State v. McCorkle, 137 Wash.2d 490, 497, 973 P.2d 461 (1999) (citing Ford, 137 Wash.2d at 485, 973 P.2d 452). Contrary to the State's argument, the record does show Mr. Lopez's specific objection.
Although the State offered to carry its record making burden, it did not get an opportunity to do so because the trial court opted to proceed on the existing record. We are not able to find specific authority granting the State another opportunity to carry its burden under these circumstances. We believe under these circumstances, the burden remained with the State to make its proof despite the trial judge's offer to proceed without it. Given these circumstances, we must vacate the persistent offender sentencing. Moreover, while we do not question the fairness of the trial judge, in the interest of preserving the integrity of the sentencing process, we deem it appropriate to remand for sentencing before a different judge based on the existing record. See, e.g., State v. M.L., 134 Wash.2d 657, 661, 952 P.2d 187 (1998) (remanding to different judge because of excessive sentence); State v. Talley, 134 Wash.2d 176, 188, 949 P.2d 358 (1998) (remanding to different judge because of breach of plea agreement); State v. Beer, 93 Wash. App. 539, 546, 969 P.2d 506 (1999) (remanding to different judge because defendant denied right of allocution). Having so concluded, it is unnecessary to consider Mr. Lopez's due process challenges to his persistent offender sentencing.

Conclusion
Mr. Lopez's firearm possession conviction is reversed due to ineffective assistance of counsel. The persistent offender sentencing is vacated due to the failure to establish the necessary predicate convictions. Accordingly, we remand for sentencing proceedings consistent with this opinion before a different judge.
We Concur: SCHULTHEIS, J. and KATO, J.