103 P.3d 1289 (2005)
STATE of Washington, Respondent,
v.
Matthew Arthur W. WILLIAMS, Appellant.
No. 30820-7-II.
Court of Appeals of Washington, Division 2.
January 11, 2005.
Thomas E. Weaver, Attorney at Law, Port Orchard, WA, for Appellant.
Tom L. Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.

PART PUBLISHED OPINION
ARMSTRONG, J.
Matthew Williams appeals his conviction for one count of possessing an unlawful firearm, arguing that in addition to proving that he knowingly possessed the firearm, the State had to prove that he knew the firearm's characteristics that made it illegal-it was a short-barreled shotgun. Williams also argues that his trial attorney was ineffective for failing to object to the corresponding "to convict" instruction and that the trial court should have allowed testimony that supported his claim he did not know the shotgun was short-barreled. Because the unlawful firearm possession statute requires the State to prove only a knowing possession, we affirm.

FACTS
A probation officer asked Kitsap County Deputy Sheriff Mark Malloque to go to a residence in search of a juvenile suspect. While Malloque waited for other officers to arrive, he saw a red jeep leave the residence. Malloque stopped the jeep and asked the driver, Matthew Williams, if the juvenile was still at the residence. Williams told Malloque that the juvenile had been at the house but *1290 was not there now. Williams agreed to accompany Malloque back to the house to see if the suspect was still there.
In the house, Williams and Malloque came to a locked bedroom door. Williams told Malloque the bedroom was his; he agreed to let Malloque in. Inside, Malloque saw a shotgun on a toilet tank in the adjoining bathroom. Malloque noticed that the barrel and stock had both been shortened. He seized the weapon and arrested Williams. The shotgun barrel length measured 13 1/8 inches and that the firearm had an overall length of 24 3/8 inches.
Williams's grandmother lived in the house; Williams had occasionally stayed at the house while he helped her move. He testified that he found the firearm while cleaning out the garage and had locked it in the bathroom because his friends were coming to help him clean out the garage and he did not want it around. Williams also testified that he was unfamiliar with firearms and although he knew he was being arrested because of the gun, he did not why.
The State charged Williams with one count of possessing an unlawful firearm. The State proposed a jury instruction that read, "It is not a defense to a criminal charge that the Defendant believe [sic] his or her conduct was lawful." Report of Proceedings (RP) at 132. The court declined to give the instruction, but it told defense counsel he could not argue that ignorance of the law excused Williams's conduct. Williams's attorney stated that he intended to argue that "either [Williams] didn't have it in his possession, or he didn't know what it was." RP at 134.
In closing argument, defense counsel argued, "The State would submit to you that he only has to be aware of the fact that it's something. I would submit to you that he has  that knowledge that the fact, in [this instruction], is the fact of it being a short-barrelled [sic] shotgun, not that it's illegal, but the fact that it was a short-barrelled [sic] shotgun." RP at 143. In rebuttal closing the State responded, "I would argue that he doesn't have to know that it's a short-barrelled [sic] shotgun." RP at 146.

ANALYSIS

I. To Convict Instruction
Williams argues that the State was required to prove he knew the firearm was a short-barreled shotgun.
Williams admits that his trial attorney did not propose an illegal knowledge instruction, but contends he can argue the issue because it is either a manifest constitutional error or his attorney was ineffective for failing to propose the instruction. "[A]n alleged instructional error in a jury instruction is of sufficient constitutional magnitude to be raised for the first time on appeal." State v. Davis, 141 Wash.2d 798, 866, 10 P.3d 977 (2000) (citing State v. Deal, 128 Wash.2d 693, 698, 911 P.2d 996 (1996)).
Here, the court instructed the jury that to convict Williams, it must find beyond a reasonable doubt: "(1) That on or about April 23, 2003[he] did knowingly have in his possession or under his control a short-barreled shotgun and (2)[t]hat the acts occurred in the State of Washington." Clerk's Papers (CP) at 56.
It is unlawful for a person to have in his possession or under control any short-barreled shotgun. RCW 9.41.190(1). A short-barreled shotgun is a "shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun by any means of modification if such modified weapon has an overall length of less than twenty-six inches." RCW 9.41.010(6).
The issue is whether the State must also prove that Williams knew the firearm was a short-barreled shotgun. When statutes are silent as to the required mens rea, we ask whether the legislature intended to require a knowing act by the defendant. See, e.g., Staples v. United States, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994); State v. Anderson, 141 Wash.2d 357, 5 P.3d 1247 (2000); State v. Warfield, 119 Wash.App. 871, 80 P.3d 625 (2004). In answering this question, we have applied the eight-factor test in State v. Bash, 130 Wash.2d 594, 925 P.2d 978 (1996).[1]
*1291 Employing this analysis, we have held that possessing an unlawful firearm is not a strict liability crime. Warfield, 119 Wash.App. at 883, 80 P.3d 625. We reasoned that RCW 9.41.040 and .190 have several potential levels of knowledge-knowing possession, knowing that the possession is illegal, and knowing that the firearm is illegal. We concluded that the State must prove that the defendant knowingly possessed the firearm, but not that the defendant knew the illegal qualities of the firearm. Warfield, 119 Wash.App. at 883, 80 P.3d 625.
RCW 9.41.040, the unlawful possession of a firearm statute, makes it illegal for felons to possess firearms. This statute also has a knowing possession element. Anderson, 141 Wash.2d at 367, 5 P.3d 1247. And this court has looked to decisions interpreting the unlawful possession statute for guidance, acknowledging that "[w]ell-reasoned precedent has interpreted RCW 9.41.040 as requiring that the defendant know the facts that make his conduct illegal, but he need not know the fact of the illegality." Warfield, 119 Wash.App. at 878-79, 80 P.3d 625 (citing State v. Semakula, 88 Wash.App. 719, 726, 946 P.2d 795 (1997)).
In Staples, the Supreme Court held that the government had to prove that Staples knew the weapon he possessed had the physical characteristics that brought it within the National Firearms Act's definition of "machine gun." Staples, 511 U.S. at 602, 114 S.Ct. 1793. Washington courts have since noted that under Staples, the State must prove the defendant knows the facts that constitute criminal conduct or the characteristics that make a weapon illegal, but not that the defendant knew that possessing the weapon was illegal. See, e.g., Semakula, 88 Wash.App. at 726-27, 946 P.2d 795; State v. Reed, 84 Wash.App. 379, 384, 928 P.2d 469 (1997).
In Warfield, we held that to prove possession of an unlawful firearm, the State must prove the defendant knowingly possessed the firearm, not that he possessed the firearm knowing it was illegal. Warfield, 119 Wash.App. at 883, 80 P.3d 625. And in dicta, we said "[the unlawful firearm statute] may support strict liability for offenders who did not know that the particular gun that they possessed was illegal." Warfield, 119 Wash.App. at 880, 80 P.3d 625.
The Warfield court agreed with the general principle in Staples that legislatures likely do not intend criminal punishment for those who do not know or have reason to know they are engaged in prohibited conduct. Warfield, 119 Wash.App. at 877-78, 80 P.3d 625. And although we agreed with the principle, we found Staples not controlling because we were concerned with the Washington legislature's intent, not the United States Congress's. Warfield, 119 Wash.App. at 878-79, 80 P.3d 625. Accordingly, we follow Warfield instead of Staples and affirm Williams's convictions.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: HOUGHTON, P.J., and HUNT, J.
NOTES
[1] These factors are:

(1) a statute's silence on a mental element is not dispositive of legislative intent; the statute must be construed in light of the background rules of the common law, and its conventional mens rea element; (2) whether the crime can be characterized as a "public welfare offense" created by the Legislature; (3) the extent to which a strict liability reading of the statute would encompass seemingly entirely innocent conduct; (4) and the harshness of the penalty. Other considerations include: (5) the seriousness of the harm to the public; (6) the ease or difficulty of the defendant ascertaining the true facts; (7) relieving the prosecution of difficult and time-consuming proof of fault where the Legislature thinks it important to stamp out harmful conduct at all costs, "even at the cost of convicting innocent-minded and blameless people"; and (8) the number of prosecutions to be expected.
Bash, 130 Wash.2d at 605-06, 925 P.2d 978 (quoting 1 WAYNE R. LAFAVE & AUSTIN W. SCOTT, SUBSTANTIVE CRIMINAL LAW § 3.8, at 341-44 (1986)).