IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Appellant,<br><br>        v.<br><br>DAVID STEFANOS,<br><br>               Respondent. | No. 84478-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — David Stefanos was charged with one count of felony driving while under the influence of alcohol or drugs (DUI) based on his criminal history, which includes convictions for three prior gross misdemeanor DUI offenses committed within the ten years preceding the new offense. Stefanos filed a motion to exclude one of the predicate misdemeanor offenses, arguing that it was constitutionally infirm. The trial court granted the motion and the State now appeals. We agree with the State that the trial court misapplied the controlling legal standard and, accordingly, reverse and remand.

FACTS

On October 19, 2020, Stefanos was driving in Renton when his car left the roadway and landed upside-down in a ravine. A witness to the accident called 911 and reported that Stefanos was trapped in the car. Responding police officers found Stefanos in the driver's seat. He was not physically injured but the officers noted that he appeared disoriented and displayed a "blank stare, rigid muscle

tone," "repetitive speech, agitated behavior," and had difficulty speaking. Stefanos admitted to the officers that he had taken phencyclidine (PCP), a schedule II controlled substance.[1] He was charged in King County Superior Court with one count of felony DUI and one count of reckless driving, a gross misdemeanor. The felony DUI was predicated on convictions for three prior offenses within ten years pursuant to RCW 46.61.5055(4) and 46.61.5055(14). The gross misdemeanor DUI predicate offenses the State used to elevate the 2020 DUI charge to a felony were a 2012 conviction from Seattle Municipal Court, a 2016 conviction from Las Vegas Municipal (LVM) Court, and a 2017 conviction from Seattle Municipal Court.

Stefanos filed a pretrial motion to exclude the 2016[2] LVM conviction as constitutionally invalid for purposes of serving as a predicate offense to elevate the 2020 DUI to a felony. In the LVM case, Stefanos had also been accused of driving under the influence of PCP. He was convicted upon the court's acceptance of a plea of nolo contendere or no contest. The court then imposed a 179-day jail sentence, suspended for a period of one year on condition of compliance with a number of requirements, such as payment of a fine, completion of a court-approved victim impact panel and online DUI school, and an order to "stay out of trouble during the pendency of these proceedings."

The written plea statement that Stefanos signed provides that the plea was made knowingly and voluntarily, recites that the city attorney would recommend

---

[1] RCW 69.50.206(e)(4).

[2] The date of violation for this offense is listed as June 24, 2015, and defense counsel referred to it as a "2015 case from Las Vegas Municipal Court" in the motion before the trial court. However, in briefing on appeal, the case at issue is referred to as the "2016 conviction."

The inclusion of the precise Las Vegas Municipal Court case number in both the trial court record and now on appeal establish that each variant designation is intended to reach the same case, which we refer to herein as the LVM conviction.

suspension of the jail sentence so long as Stefanos completed the listed requirements, and sets out a number of constitutional rights being waived pursuant to entry of the plea.[3]  It also affirmatively states that he "believe[s] entering this plea of GUILTY is in [his] best interest, and that a trial would be contrary to [his] best interest," that he was not acting under duress or coercion and that he had consulted with his attorney regarding the plea.  The LVM judgment, signed by both the judge and the court clerk, contains a checked box marked "Not Present - Presence Waived," but none of the LVM case documents obtained by the State and filed in the 2020 King County case explicitly mention the constitutional right to be present for the entry of a guilty plea.  There is no evidence, or assertion by the defense, that Stefanos ever sought to withdraw his guilty plea or otherwise appeal the LVM conviction.

In his motion to exclude the LVM conviction, Stefanos argued that the conviction was constitutionally invalid for purposes of serving as a predicate offense to elevate the 2020 DUI charge to a felony because, in order for a plea to be valid, the court must find that the defendant has made a knowing, intelligent, and voluntary waiver of their rights and that cannot be done when the defendant is not present.[4]  At the motion hearing, the court placed the burden to prove the

---

[3] The constitutional rights and privileges listed on the agreement as waived were the privilege against self-incrimination, the rights to a speedy and public trial by an impartial jury, to confront and cross-examine witnesses against him, to subpoena witnesses to testify on his behalf, to testify in his own defense, and to appeal the conviction.

[4] At argument before this court, defense counsel conceded that circumstances could exist where entry of a guilty plea in absentia (when the defendant is not present) does not violate the constitution, but reiterated Stefanos' position that the predicate offense at issue here is not constitutionally valid.  Wash. Ct. of Appeals oral argument, *State v. Stefanos*, No. 84478-4-I (Nov. 7, 2023), at 8 min., 33 sec.; 16 min., 55 sec., *video recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2023111126.

validity of the LVM conviction on the State and ultimately granted Stefanos' motion, finding that the conviction was not constitutionally valid and therefore inadmissible for use in the prosecution of Stefanos' felony DUI charge in King County. The court reasoned that it was unable to make the required finding that a guilty plea is entered knowingly and voluntarily "without the Defendant being present at the plea hearing, or at least without a clear record that the Defendant made a knowing, intelligent and voluntary waiver of [their] right to be present at [their] plea hearing." In the order, the court explained that the practical effect of its ruling was a termination of the felony charge, although the State, in its discretion, could still proceed with a charge of misdemeanor DUI based on the 2020 incident.

The State timely appealed.

ANALYSIS

The State argues that the trial court erred by applying the wrong legal standard in its consideration of Stefanos' motion to exclude the LVM conviction as a predicate offense. It further asserts that the controlling legal test under *State v. Summers,* 120 Wn.2d 801, 812, 846 P.2d 845 (1993), required that Stefanos first make a "colorable, fact-specific" showing supporting the claimed constitutional error—that he had not waived his presence at the plea hearing that resulted in the LVM conviction. The State then assigns error to the court's conclusion that the plea in the LVM case was not knowing, intelligent, and voluntary and to its finding that Stefanos did not waive his right to presence at the entry of his nolo contendere plea, and challenges its suppression of the LVM conviction on those bases. While Stefanos concedes that the established legal standard under *Summers* requires

him to first raise a "colorable, fact-specific argument supporting a claim of constitutional error in the prior conviction," 120 Wn.2d at 812, he asserts that this threshold showing was met and the burden then properly shifted to the State.

I.      Predicate Offenses as Elements of Felony DUI

An essential element of felony DUI is the existence of the necessary predicate offenses, which the State must prove beyond a reasonable doubt. *State v. Chambers,* 157 Wn. App. 465, 481, 237 P.3d 352 (2010). The viability of a predicate offense is a "threshold determination to be decided by the trial court." *Id.* A challenge to the constitutional validity of a predicate conviction is not a collateral attack on that conviction, but rather, an attempt to "'foreclose the *prior* conviction's *present* use to establish an essential element'" of the crime. *Summers,* 120 Wn.2d at 810 (quoting *State v. Swindell,* 93 Wn.2d 192, 196, 607 P.2d 852 (1980)); *see also Chambers*, 157 Wn. App. at 468 ("[W]hether a prior offense . . . qualifies as a predicate offense is not an essential element of the crime. Rather, the question of whether a prior offense meets the statutory definition is a threshold question of law to be decided by the court before admitting a prior offense into evidence at trial.").

Stefanos urges this court to consider this appeal under the abuse of discretion standard, suggesting that the trial court's decision was an evidentiary ruling because he objected to the admission of the LVM conviction as a predicate offense. Trial courts determine whether evidence is admissible, and appellate courts review the trial court's rulings for abuse of discretion. *State v. Jennings*, 199 Wn.2d 53, 59, 502 P.3d 1255 (2022). However, the constitutional validity of a

predicate offense is a question of law that this court reviews de novo. *State v. Robinson*, 8 Wn. App. 2d 629, 635, 439 P.3d 710 (2019).

In *Summers*, our Supreme Court affirmed the burden of proof standards for challenging the constitutionality of a predicate offense established in *Swindell* and explained that the defendant "bears the initial burden of offering a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction." 120 Wn.2d at 812. "First, a defendant may raise a defense to such a prosecution by alleging the constitutional invalidity of a predicate conviction, and second, upon doing so, the State must prove beyond a reasonable doubt that the predicate conviction is constitutionally sound." *Id.* Under this clearly established standard, the State is correct that the court erred by not requiring Stefanos to first demonstrate a colorable, fact-specific claim that the LVM conviction suffered from a constitutional defect. Only if Stefanos carried his burden on this first step of the analysis would the burden have shifted to the State to prove beyond a reasonable doubt that the conviction was constitutionally valid in order to use it as a predicate offense to elevate the current offense to a felony.

II.     Burden Shifting Under Controlling Case Law

During oral argument on Stefanos' motion in the trial court, the judge stated, "The burden isn't shifted to the State. The State has the burden to show that a waiver of a constitutional right was knowing, intelligent, and voluntary" and that constitutional validity would not be presumed. In response, the State asserted that "first, defense must raise whether or not there's a colorable fact-specific claim" and

proceeded to explain the *Swindell* standard to the court.[5]  The court nonetheless granted Stefanos' motion, finding it "highly persuasive" that none of the paperwork he had signed explicitly advised him of the right to be present during the plea hearing and that he was knowingly waiving that right.  After the court announced its ruling, the deputy prosecuting attorney (DPA) sought further explanation of the court's reasoning:

> [DPA]: Can I just ask one clarifying question for purposes of the record?  So the court is finding that the defense record made a colorable fact-specific—
>
> COURT: *I don't think I'm finding that I have to make that finding.*
>
> [DPA]: And so Your Honor is finding that the burden is on the State regardless of what the defense presents?
>
> COURT: I think for there to be a valid plea, there needs to be a clear record that the plea was entered into knowingly, intelligently, and voluntarily with a full understanding of the defendant's rights in a knowing, intelligent, and voluntary waiver of those rights, and those rights include [] Stefanos' right to be present at his plea hearing.

(Emphasis added.)  This is consistent with the court's earlier confusion as to the proper standard under the law, both of which demonstrate that the court committed reversable error in misinterpreting, and therefore misapplying, the law.  The Supreme Court was clear in *Summers* that "[o]nly *after* the defendant has made this initial showing does the State's burden arise."  120 Wn.2d at 812 (emphasis added).  The court disregarded the controlling standard and improperly placed the initial burden of proof on the State.  Accordingly, reversal is required.

---

[5] *Swindell*, *Summers*, and *Chambers* were all before the trial court prior to the hearing as cited and argued in the initial defense motion to exclude and in the State's response to the motion.

III.   Colorable, Fact-Specific Showing

In his motion before the trial court, Stefanos acknowledged that *Summers* establishes that he bears the initial burden of making a "colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction" before the State must meet its burden to "prove beyond a reasonable doubt that the predicate conviction is constitutionally sound." *Id.* Washington case law has not clearly defined what is required to establish a colorable, fact-specific claim. Stefanos offers definitions from outside our state, including from a number of federal cases. He provides several cases wherein the Ninth Circuit Court of Appeals has variously described a colorable claim as one that is "'appearing to be true, valid, or right,'" "'seemingly valid and genuine,'" or "'requir[ing] some evidence tending to show the existence of the essential elements of the defense.'" *Chavez v. Brnovich*, 42 F.4th 1091, 1101 (9th Cir. 2022) (quoting BLACK'S LAW DICTIONARY (11th ed. 2019)), *cert. denied sub nom. Chavez v. Mayes*, 143 S. Ct. 1768 (2023); *Thomas v. Anchorage Equal Rts. Comm'n,* 165 F.3d 692, 705-06 (9th Cir.) (first quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 449 (1986); then quoting *United States v. Armstrong*, 517 U.S. 456, 468, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996)), *reh'g granted*, *opinion withdrawn*, 192 F.3d 1208 (9th Cir. 1999). *Webster's* defines "colorable" as "seemingly valid and genuine : having an appearance of truth, right, or justice : PLAUSIBLE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 449 (2002).

Washington cases do, however, provide some guidance through examples. In *Swindell*, the defendant demonstrated that the predicate conviction, which

purportedly rendered him ineligible to possess firearms, was invalid. 93 Wn.2d 194. Swindell ultimately established that the underlying guilty plea was involuntary after he first asserted that he only saw his lawyer once, he was taken to an impromptu meeting with the prosecutor at the prosecutor's request and without his attorney, and was not informed of his right to have his attorney present at that meeting. *Id.* at 197. Summers met his burden to show that a prior manslaughter conviction was constitutionally invalid as a predicate offense to support a subsequent conviction on a firearm charge by showing that the jury in the manslaughter case was not properly instructed on the burden of proof related to Summers' claim of self-defense. *Summers*, 120 Wn.2d at 807-08. Finally, in a recent unpublished[6] opinion of this court, *State v. Benson*, we held that the accused made a colorable, fact-specific claim that ineffective assistance of counsel rendered a prior conviction constitutionally invalid to serve as a predicate offense to elevate his current charge to a felony DUI. No. 83255-7-I (Wash. Ct. App. Nov. 7, 2022) (unpublished), https://www.courts.wa.gov.opinions/pdf/832557.pdf, *review denied*, 1 Wn.3d 1013 (Wash. June 7, 2023). In support of his motion to exclude a prior felony DUI conviction from use as a predicate offense to elevate the pending DUI charge to a felony, Benson established that the first felony DUI was invalid because it rested upon a constitutionally infirm gross misdemeanor conviction. *Benson*, slip op. at 13. Benson provided documentary evidence that, with regard to the gross misdemeanor predicate underlying the prior felony DUI,

---

[6] Pursuant to GR 14.1(c), we may cite to unpublished opinions as "necessary for a reasoned decision." *Benson* is offered for illustrative purposes only as a recent example of the analysis and application of the controlling legal standard.

he was a class member in a federal lawsuit that found complete deprivation of the right to counsel in two municipal courts. *Id.* at 6-8. More specifically, he demonstrated that the appeal of the gross misdemeanor case in question had been dismissed for want of prosecution when he was represented by one of the public defenders named in the federal suit. *Id.* at 8-9. Further, both Benson's trial and appellate counsel in the first felony DUI case, which the State sought to use to elevate the pending charge, testified that they were unaware that they could have challenged the constitutional validity of the gross misdemeanor predicate offenses underlying Benson's earlier felony DUI, essentially admitting ineffective assistance. *Id.* at 12. In all three of these cases, the arguments to exclude the purportedly infirm predicate offense relied on the particularized circumstances of each defendant's case, and each made specific claims as to the precise manner by which their rights were violated. In contrast, in *State v. Reed,* the court held that a colorable, fact-specific showing was not satisfied based solely on Reed's broad assertion that he was unaware of the predicate drug offense. 84 Wn. App. 379, 385, 928 P.2d 469 (1997). Critically, he presented "no evidence that the plea was not made voluntarily." *Id.*

Stefanos now argues that his motion properly presented a colorable, fact-specific argument because it is undisputed that a guilty plea is a critical stage of prosecution where he has a right to be present and that none of the waivers he signed expressly address this right. "As a matter of due process, 'a criminal defendant has a fundamental right to be present at all critical stages of a trial.'" *State v. Jones*, 185 Wn.2d 412, 426, 372 P.3d 755 (2016) (quoting *State v. Irby*,

170 Wn.2d 874, 880, 246 P.3d 796 (2011)). Regarding a right to be present, critical stages are those where the defendant's presence "'has a relation, reasonably substantial, to the fullness of [their] opportunity to defend against the charge.'" *Irby,* 170 Wn.2d at 881 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *overruled in part on other grounds sub nom. Malloy v. Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964)). The State properly agrees that Stefanos has these rights.

In the "DUI Admonishment of Rights" that Stefanos signed in the LVM case, a number of constitutional rights are listed,[7] but there is no explicit notice of the right to be present for entry of a guilty plea. The judgment entered pursuant to Stefanos' nolo contendere plea simply shows a checked box labeled "Not Present - Presence Waived." However, in his motion to exclude the LVM conviction, Stefanos did *not* assert, or present any evidence to indicate, that he did *not* waive his presence at that plea hearing or that his attorney in that case failed to advise him of his right to be present. He did not allege that his plea in that case was *not* knowing, voluntary, and intelligent. Instead, he made a general argument that it is "axiomatically impossible" for the court to find that a defendant is making a knowing, intelligent, and voluntary waiver of rights if they are not present for a plea and have not expressly waived the right to be present. Stefanos argued broadly that it "is simply constitutionally deficient for a [c]ourt to enter a plea of

_____

[7] The constitutional rights set out in this document are the right to a speedy trial, to require the State prove the charges beyond a reasonable doubt, to confront and question witnesses, to subpoena witnesses and compel their attendance, to remain silent, and to appeal conviction.

guilty without conducting a colloquy with the defendant" and that his plea is therefore invalid.[8]

Critically, unlike the defendants in *Swindell*, *Summers*, and *Benson*, Stefanos did not make any "fact-specific" showing that the particular circumstances of his case rendered the predicate LVM conviction unconstitutional. Stefanos fails to produce evidence to demonstrate, nor does he precisely allege, that he was not advised by his attorney about his right to be present for entry of plea when he was advised about the other rights set out in the plea documents, or that he did not waive that right. The entirety of the LVM record, including a plea statement that he signed and notarized in King County, Washington, supports the assertion contained therein that he had "discussed with [his] attorney any possible defenses, defense strategies and circumstances which might be in [his] favor" and that he "believe[d] entering this plea of GUILTY [wa]s in [his] best interest and that a trial would be contrary to [his] best interest." Nor does any of his briefing in the trial court or on appeal directly assert that his LVM plea was not knowing, intelligent, and voluntary. Even under the arguably low "seemingly valid and genuine" standard set out in the federal cases Stefanos offers in support of his position, a general argument severed from the facts of the LVM conviction is inadequate to satisfy the burden required of Stefanos before the State must make any showing in response.

---

[8] In briefing, Stefanos acknowledges that pleas in absentia "may be routine in Las Vegas," but asserts that they are "no less constitutionally deficient for being routine."

Because the trial court both misinterpreted and misapplied the well-settled and controlling case law, we reverse the ruling to exclude the LVM conviction and remand with instructions to apply the proper standard consistent with this opinion.

Hazelrigg, ACJ

WE CONCUR:

Chung, J.

Mann, J.