[No. 18331-9-III.   Division Three.   March 16, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN LEROY VANDERPOOL, *Appellant*.

---

*John T. Rodgers*, for appellant.

*Steven Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

BROWN, J. — Steven L. Vanderpool was found guilty of failing to register as a sex offender under RCW 9A.44.130. Mr. Vanderpool argues (1) substantial compliance, and (2) evidence insufficiency. Because substantial compliance is not a defense and the evidence is sufficient to support the conviction, we affirm.

## FACTS

Mr. Vanderpool was convicted of indecent liberties in Benton County on August 5, 1983. In 1993, Mr. Vanderpool was released from prison. He properly complied with the sex offender registration requirements of RCW 9A.44.130 in Benton County for approximately four years. In 1997, he enrolled in a substance abuse treatment facility in Spokane County. Staff at the treatment facility escorted Mr. Vanderpool to the Spokane County Sheriff's Office to register. He was notified that he needed to continue to register each time he changed his address.

On February 23, 1998, Mr. Vanderpool was asked to leave

the treatment facility. Without notifying the Spokane County Sheriff, Mr. Vanderpool returned to Benton County. He was arrested on February 24, 1998 on an unrelated warrant and released. He was arrested again on March 31, and was apparently released again. Mr. Vanderpool did not notify the Spokane County Sheriff that he was returning to Benton County. In June 1998, Spokane and Benton County authorities unsuccessfully attempted to locate Mr. Vanderpool.

Mr. Vanderpool was charged in Spokane County with failure to register as a sex offender. During a bench trial, he argued he did not knowingly fail to register. Nevertheless, the trial court found Mr. Vanderpool guilty. He was sentenced to 58 days. Mr. Vanderpool now appeals. As a sidenote, he has been released and his current whereabouts are unknown.

## ANALYSIS
### A. Substantial Compliance Defense

The issue is whether the trial court erred by rejecting Mr. Vanderpool's substantial compliance defense and/or concluding substantial compliance is not a defense to failing to register as a sex offender under RCW 9A.44.130.

██ This argument is raised for the first time on appeal. Thus, the issue must present a manifest error affecting a constitutional right. RAP 2.5(a)(3). "The defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights." *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). Some reasonable showing of actual prejudice is what makes the error " 'manifest.' " *Id.* (quoting *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988); *State v. Lynn*, 67 Wn. App. 339, 346, 835 P.2d 251 (1992)). Mr. Vanderpool's argument is not constitutional. Accordingly, this issue may not be raised for the first time on appeal.

██ Moreover, we are not persuaded by Mr. Vanderpool's

argument. Mr. Vanderpool merely cites a Division One civil case discussing substantial compliance in a mechanics' lien context. *Expert Drywall, Inc. v. Brain*, 17 Wn. App. 529, 540, 564 P.2d 803 (1977). He cites no case law where the substantial compliance doctrine was applied to a criminal statute, nor could one be found. The policy of RCW 9A.44.130 is to allow law enforcement agencies to protect their communities, conduct investigations and quickly apprehend sex offenders. RCW 9A.44.130 (**Finding— Policy—1990 c 3 § 402**). Without strict compliance with the registration requirements, this policy is undermined. Furthermore, allowing substantial compliance as a defense would conflict with the well-established rule that "a good faith belief that a certain activity does not violate the law is . . . not a defense in a criminal prosecution." *State v. Reed*, 84 Wn. App. 379, 384, 928 P.2d 469 (1997) (citing *State v. Patterson*, 37 Wn. App. 275, 282, 679 P.2d 416, *review denied*, 103 Wn.2d 1005 (1984)). We conclude substantial compliance is not a defense under the facts of this case.

Even assuming substantial compliance were a defense, the facts would not support it. Mr. Vanderpool contends that since he was arrested in Benton County shortly after leaving Spokane County, the authorities knew his whereabouts. While Benton County may have known Mr. Vanderpool's whereabouts, Spokane County was not notified. RCW 9A.44.130(5)(a) specifically states: "The person must also send written notice within ten days of the change of address in the new county to the county sheriff with whom the person last registered." By his own admission, Mr. Vanderpool did not notify Spokane County. This is simple nonperformance, not misperformance.

### B. Evidence Sufficiency

The next issue is whether the State provided sufficient evidence that Mr. Vanderpool failed to register as a sex offender.

In reviewing a challenge to the sufficiency of the evi-

dence, this court looks at the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Mr. Vanderpool contends the State did not establish the necessary elements for failing to register under former RCW 9A.44.130(9) (1998), as in effect when Mr. Vanderpool was arrested. This statute establishes criminal liability for a person who *knowingly* fails to register with the county sheriff under the standards of RCW 9A.44.130.

Under RCW 9A.44.130(5)(a), Mr. Vanderpool had three distinct legal duties. First, Mr. Vanderpool was required to register if he changed his residence within Spokane County by sending written notice of the change of address to the Spokane County Sheriff within 72 hours of moving. Second, Mr. Vanderpool was required to send written notice to the county sheriff in the new county of residence of the change of address at least 14 days before moving, and register within the new county within 24 hours of moving into the new county. Third, Mr. Vanderpool was required to send written notice within 10 days of the change of address in the new county to the county sheriff of the last county where he registered. The trial court decided Mr. Vanderpool breached his duty under the third alternative.

Mr. Vanderpool contends he did not *knowingly* violate the sex offender registration statute based on his inability to understand the statute. The record contains evidence that Mr. Vanderpool followed the registration statute for approximately four years before this incident. There was testimony that authorities read the statute to him, including the portion that he must contact the county sheriff if he changed addresses. Mr. Vanderpool signed the form setting forth the statutory requirements. While Mr. Vanderpool testified he did not recall Spokane County officials reading the form to him, the trier of fact is in a better position to resolve conflicts, weigh evidence, and draw reason-

able inferences from the evidence. *State v. Gerber,* 28 Wn. App. 214, 216, 622 P.2d 888, *review denied,* 95 Wn.2d 1021 (1981). Furthermore, ignorance of the law is no excuse. *Reed,* 84 Wn. App. at 384. Accordingly, a rational trier of fact could decide Mr. Vanderpool knowingly violated the registration requirements. First, he failed to register by failing to notify Spokane County that he was returning to Benton County. Second, he failed to notify the Spokane County Sheriff of a new registered address in Benton County within 10 days of establishing a new address.

■ The State alleges the court improperly found that Mr. Vanderpool was arrested in March, instead of February 1998, and improperly found that he became registered when he was arrested. However, the State failed to file a notice of cross review. *See* RAP 5.1(d). Furthermore, the State failed to assign error to Finding of Fact VII, as required under RAP 10.3(a)(3). Accordingly, this court declines review of these allegations raised for the first time in the argument section of its response brief.

Affirmed.

KURTZ, C.J., and SCHULTHEIS, J., concur.

Review denied at 141 Wn.2d 1017 (2000).