[No. 25465-4-II. Division Two. August 10, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. KEITH ALAN PRESTEGARD, *Appellant*.

16

*Timothy M. Hanigan*, for appellant (appointed counsel for appeal).

*Fred A. Johnson, Prosecuting Attorney*, and *Irene K. Asai, Deputy*, for respondent.

Houghton, J. — Keith Prestegard appeals from his conviction of failing to register as a sex offender, arguing that the evidence was insufficient to support a conviction, his trial counsel was ineffective, the trial court erred in not admitting evidence under ER 406, and the statute under which he was convicted was unconstitutional. Because the trial court failed to admit relevant evidence of routine practice, we reverse and remand.

## FACTS

The State convicted Prestegard of child molestation in September 1994. In August 1995, when released, he registered in Wahkiakum County as a sex offender.[1] At that time, he listed his address as 373 East SR 4.

The Wahkiakum County Sheriff's office has a standard procedure for sex offender registration. An offender must fill out a form and have his or her photograph and fingerprints taken. Corrections Officer Kelly Heiner then puts the form into a binder labeled for sex offenders. Officer Heiner also sends a copy to the Washington State Patrol.

When sex offenders change their addresses, this entire process is repeated and the officer puts the new forms into the binder with the old form, saving the old forms. If sex offenders merely call in, they are told to come into the sheriff's office so they can reregister according to this procedure.

On June 5, 1998, a deputy sheriff arrested Prestegard at 373 East SR 4 in the early morning hours. That same day, a deputy sheriff served Prestegard with a no-contact order at the sheriff's office. On that date, Prestegard moved to 55 Irving Street, but there is no record that Prestegard changed his sex offender registration then. Officer Heiner testified that she did not handle any paperwork concerning a change of address for Prestegard on June 5. Prestegard, however, testified that he completed a change of registra-

---

[1] RCW 9A.44.130(1) requires sex offenders to register with the county in which they reside. Section 5 requires them to reregister if they move. Section 9 makes it a crime if the offender fails to register or reregister.

tion form June 5 and claimed he got the form from "Vern." Report of Proceedings at 66. But the only person by that name was not present in the office that day.

On April 21, 1999, a Wahkiakum County detective approached Prestegard and told him that he was not registered at the 55 Irving Street address. Prestegard responded that he had already changed his registration.[2] After his contact with the detective, Prestegard completed a new registration form at the sheriff's office and the next day he returned and had his photograph taken, along with new fingerprints.

The State then charged Prestegard for failing to register his change of address from between August 1, 1998, and April 21, 1999. In the amended information, the State listed the crime as a violation of "RCW 9A.44.130(a) and (9)."[3] Clerk's Papers at 18.

At trial, witnesses testified to the above facts. Prestegard also offered testimony from county court clerks, that the sheriff's office "frequently" or "common[ly]" lost court documents, as proof under ER 406 that the sheriff's office had a habit of losing forms and therefore lost the registration form Prestegard claimed that he filled out on June 5, 1998. Report of Proceedings at 84, 92. The trial court ruled that Prestegard's evidence "d[id] not constitute evidence of habit admissible under ER 406." Clerk's Papers at 41.

The trial court found Prestegard guilty after a bench trial and entered findings of fact and conclusions of law in support of its ruling. Prestegard appeals.

## ANALYSIS

### Evidence of Routine Practice

Prestegard first contends that the trial court erred in

---

[2] Prestegard told the detective he had changed his registration in August, but at trial said he was not sure of the date, but knew it was when he moved.

[3] There is no RCW 9A.44.130(a). If the State decides to pursue the charges on remand, it will have to move to amend the information. *See* CrR 2.1(a).

refusing to consider evidence he offered under ER 406 to show that the sheriff's department commonly lost documents. The State counters that the defendant did not meet the foundational requirements for admission under that rule and thus, the evidence is inadmissible character evidence.

■ ER 406 contains two disjunctive clauses, one permitting habit evidence of a person and the other permitting routine practice evidence of an organization:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Accordingly, a party wishing to establish an organization's routine practice need not meet the foundational requirements for establishing a person's habit.

In the case at bar, the routine practice of the sheriff's office was a fact of consequence because to convict Prestegard of the crime, the State had to prove a negative: that Prestegard did not reregister after he moved. To prove this negative, the State had to prove that the sheriff's office had a routine practice for handling sex offenders' registrations; that its practice was reliable; and thus, that it would have Prestegard's new registration with his change of address if he filed one.

To comply, the State called Officer Heiner, who testified about the practices of the sheriff's office in receiving and processing sex offender registrations. The trial court admitted this testimony. Prestegard tried to rebut this testimony by calling the two clerks, who testified about how the sheriff's office regularly lost court documents that were delivered to the main intake window. The trial court refused to consider this testimony because it ruled it did not meet the foundational requirements under ER 406.

■■ Because the routine practice of the sheriff's office was a fact of consequence, the trial court should have

admitted relevant evidence concerning the routine practice of the sheriff's office from both parties. The trial court allowed the State to present extensive evidence to show its routine practice for handling sex offender registration. And the State conceded at oral argument that it accepts these registration papers through its main intake window. But the trial court did not allow Prestegard to rebut the State's evidence by presenting his evidence, which showed that the sheriff's office regularly lost court documents that the superior court and district court clerk's offices delivered through this same window. Because the documents were accepted in a similar fashion,[4] Prestegard's evidence was relevant to rebut the State's claim that the practice of the sheriff's office would allow it to locate Prestegard's registration if he had reregistered, and the trial court erred in not considering it. Because Prestegard's defense was that the sheriff's office must have lost his registration, this error was not harmless.

## Constitutionality of RCW 9A.44.130

Prestegard further contends that RCW 9A.44.130 is unconstitutional. Under RCW 9A.44.130, Prestegard had to give written notice when he changed his residence on June 5, 1998, even if the residence was temporary. RCW 9A-.44.130(5)(a); *State v. Pray*, 96 Wn. App. 25, 29-30, 980 P.2d 240, *review denied*, 139 Wn.2d 1010 (1999). The purpose of this statute is to help law enforcement protect the public by making sex offenders easy to locate. *State v. Vanderpool*, 99 Wn. App. 709, 712, 995 P.2d 104, *review denied*, 141 Wn.2d 1017 (2000). Prestegard challenges this statute's constitutionality, relying upon this court's holding in *State v. Jenkins*, 100 Wn. App. 85, 995 P.2d 1268, *review denied*, 141 Wn.2d 1011 (2000).

---

[4] It is important that these documents were handled in a similar fashion. Evidence of every mistake the sheriff's department has ever made would not be relevant. Instead there must be a relationship between past mistakes and the current practice the State is trying to establish before such evidence would be admissible.

■■■ We presume statutes are constitutional and the person challenging the statute must prove the statute is unconstitutional beyond a reasonable doubt. *Jenkins*, 100 Wn. App. at 90. Unless a statute violates the First Amendment, each person challenging a statute must prove the statute is unconstitutional as it applies to him or her. *Jenkins*, 100 Wn. App. at 89. A party may prove a statute is unconstitutional by proving beyond a reasonable doubt that the statute was so vague that it did not define a criminal offense with sufficient definiteness to allow a person of ordinary understanding to know what conduct the statute actually prohibits. *Jenkins*, 100 Wn. App. at 90. Merely showing that the statute did not provide a person with "complete certainty" as to what conduct is prohibited is insufficient. *Jenkins*, 100 Wn. App. at 89-90. We review the trial court's ruling de novo. *Jenkins*, 100 Wn. App. at 89.

Prestegard asserts that *Jenkins* held RCW 9A.44.130 unconstitutional because the statute did not allow a sex offender to know what amounted to "written notice[.]" Br. of Appellant at 25 (emphasis omitted). Prestegard then argues that the Legislature amended the statute to clarify written notice. These two claims are incorrect.

■■■ In *Jenkins*, we held that RCW 9A.44.130 was unconstitutional because it did not allow a sex offender to know *when* he or she needed to give written notice if the offender did not have a fixed residence. *Jenkins*, 100 Wn. App. at 91 ("[O]ne reasonably could conclude that a person without a fixed, regular place to sleep does not have a residence under the terms of the statute."). The case did not address *what* is sufficient written notice. Likewise, the Legislature amended RCW 9A.44.130 in 1999, but it added requirements only for sex offenders without a fixed home; the Legislature did not change what amounts to written notice. *See* LAWS OF 1999, 1st Spec. Sess., ch. 6, § 1.

■■■ In *Vanderpool*, Division Three of this Court discussed written notice under RCW 9A.44.130. *See Vanderpool*, 99 Wn. App. at 711-12. In that case, the defendant argued that substantial compliance was a de-

fense to the requirement that he give written notice. The *Vanderpool* court rejected this argument because allowing substantial compliance as a defense would defeat the statute's legislative purpose, which is to make sex offenders easy to locate. *Vanderpool*, 99 Wn. App. at 712. Here, Prestegard argues that he complied with the statute because the sheriff's report from the June 5, 1998 incident contained his 55 Irving Street address in it and, thus, the sheriff's office knew his address. But this is simply a substantial compliance argument. Requiring law enforcement officers to search through crime reports to locate sex offenders would be contrary to RCW 9A.44.130. Thus, we agree with Division Three in its *Vanderpool* decision and hold that substantial compliance is not a defense.

In sum, Prestegard has not proven that RCW 9A.44.130 was unconstitutional as applied to him. Instead, he misconstrues our holding in *Jenkins* and argues that he substantially complied with the statute. Therefore, his claim based upon the statute's unconstitutionality fails.

## Sufficiency of the Evidence[5]

██ ██ Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). In determining whether the necessary quantum of proof exists, the reviewing court need not be convinced of the defendant's guilt

---

[5] Although we reverse Prestegard's conviction, we address this claim because of the principle of double jeopardy. *See State v. Hescock*, 98 Wn. App. 600, 605, 989 P.2d 1251 (1999) ("Similarly, if an appellate court has held that evidence is insufficient to support the conviction, then retrial for that offense is prohibited [by double jeopardy]."). But we need not address Prestegard's assignment of error based upon ineffective assistance of counsel.

beyond a reasonable doubt, but only that substantial evidence supports the State's case. *State v. Fiser*, 99 Wn. App. 714, 718, 995 P.2d 107, *review denied*, 141 Wn.2d 1023 (2000). Substantial evidence is evidence that "would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed." *State v. Hutton*, 7 Wn. App. 726, 728, 502 P.2d 1037 (1972). In finding substantial evidence, we cannot rely upon guess, speculation, or conjecture. *Hutton*, 7 Wn. App. at 728.

Credibility determinations are for the trier of fact and are not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). We must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533, *review denied*, 119 Wn.2d 1011 (1992). The trier of fact is free to reject even uncontested testimony as not credible as long as it does not do so arbitrarily. *State v. Tocki*, 32 Wn. App. 457, 462, 648 P.2d 99, *review denied*, 98 Wn.2d 1004 (1982).

Prestegard asserts that there was insufficient evidence to support his conviction because "there was enough evidence admitted during trial to form reasonable doubt[.]" Br. of Appellant at 2. Prestegard points to three parts of the record to support his claim.

First, he notes that although the trial court found that the sheriff's office had a standard procedure of having a sex offender fill out a form and have his or her picture and fingerprints taken at the same time, Officer Heiner testified that when Prestegard registered in April 1999, the sheriff's office did not take his photograph and fingerprints until the day after he filled out the forms. Second, he notes that although the trial court found that the forms are kept in a binder, Officer Heiner testified that the forms are kept in two places. Finally, Prestegard argues that an officer's testimony that Prestegard went to the sheriff's office on June 5, 1998, to be served with a no-contact order was not credible.

Prestegard's first argument merely shows that in April

1999, the office varied from its standard procedure. That minor variance does not serve to show that the office misplaced his registration form. His second argument misinterprets the testimony. The finding shows where the forms are ultimately kept. Officer Heiner's testimony is not contrary to that finding; rather, she testified that when other officers have sex offenders fill out registration forms, the officers either put them in her inbox or directly into the book where they are ultimately stored. *See* Report of Proceedings at 20. Prestegard's third argument fails because credibility determinations are left to the trier of fact and not subject to review on appeal. *See Camarillo*, 115 Wn.2d at 71.

Finally, none of these claims, even if true, show that no reasonable trier of fact could have found beyond a reasonable doubt that Prestegard failed to register. As Prestegard's issue pertaining to this assignment of error shows, Prestegard has confused the standard of review. That there was evidence from which a trier of fact could have concluded there was a reasonable doubt whether he failed to register, does not mean we must find the evidence insufficient and reverse and dismiss.

Reversed and remanded.

MORGAN and BRIDGEWATER, JJ., concur.