# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| STATE OF WASHINGTON, | No.  46825-5-II |
|---|---|
| Respondent, | |
| v. | |
| SAMUEL J. FLETCHER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — A jury returned a verdict finding Samuel Fletcher guilty of failure to register as a sex offender.  Fletcher appeals his conviction, asserting that the State failed to present sufficient evidence in support of the conviction.  Fletcher also appeals his sentence, asserting that the sentencing court erred by concluding that his failure to register as a sex offender conviction constituted a class C felony.  We affirm.

## FACTS

Fletcher has previously been convicted of a felony sex offense, which conviction required him to register as a sex offender under former RCW 9A.44.130 (2011).  On August 8, 2013, Fletcher registered his address as unit 1 of an apartment complex in Aberdeen, Washington.  On that same date, Fletcher signed a document informing him of his registration obligations.

On February 11, 2014, Fletcher sent a letter to the Grays Harbor County Sheriff's Office that stated he was being released from custody and would be returning to his registered address in Aberdeen.  On March 27, 2014, community corrections officer Curtis Perry went to Fletcher's registered address to verify that he was residing there.  When Perry went to the registered

address and could not locate Fletcher, he looked through a window and saw that the apartment was empty.

On March 31, 2014, Aberdeen police officer Steve Timmons went to Fletcher's registered address to verify that he was residing there. When Timmons arrived at the residence, he saw that the front door was open and that there were several documents posted on the outside of the door. Timmons entered the apartment and saw that the refrigerator was open and empty. Timmons also saw garbage on the floor, scattered clothing, and a mattress leaning up against a wall. Timmons did not see any food, toiletries, or other items indicating that someone was currently residing at the apartment.

The State charged Fletcher with failure to register as a sex offender, alleging that he committed the offense on or about March 31, 2014. At trial, Perry and Timmons testified consistently with the facts as stated above. During Timmons's testimony, the trial court admitted photographs showing the condition of the apartment when Timmons had entered it.

Frederick Voosen testified that he owned the apartment complex where Fletcher had registered his address. Voosen stated that Fletcher moved away from the apartment at the beginning of March, 2014. Voosen said that he had issued an eviction notice to Fletcher dated February 11, 2014 and had his property manager post the notice on Fletcher's door. Voosen also said that he issued an abandonment notice dated March 4, 2014 that the property manager posted on Fletcher's door.

The jury returned a verdict finding Fletcher guilty of failure to register as a sex offender. The sentencing court classified Fletcher's failure to register conviction as a non-sex offense class C felony. Fletcher appeals his judgment and sentence.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Fletcher first contends that the State failed to present sufficient evidence in support of his failure to register as a sex offender conviction. We disagree.

Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). We interpret all reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Credibility determinations are for the trier of fact and are not subject to review. *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d 725 (2006).

To convict Fletcher of failure to register as a sex offender as charged here, the State had to prove beyond a reasonable doubt that he (1) had a duty to register under RCW 9A.44.130 for a felony sex offense and (2) knowingly failed to register within three business days of either (a) changing his residence or (b) ceasing to have a fixed residence. Former RCW 9A.44.130(4)-(5) (2011); former RCW 9A.44.132 (2011). Fletcher challenges only the second element, arguing that sufficient evidence did not support his conviction because the State failed to present any evidence that he had moved to a new address. But the State was not required to present evidence that Fletcher had moved to a new residence address to prove he violated former RCW 9A.44.130's registration requirements. Rather, because former RCW 9A.44.130 required Fletcher to register within three business days of *either* (1) changing his residence *or* (2) ceasing to have a fixed residence, the State needed only to present sufficient evidence that he did *not*

3

*intend to return to his registered address* and thereafter knowingly failed to comply with former

RCW 9A.44.130's registration requirements. *See State v. Pickett*, 95 Wn. App. 475, 478, 975

P.2d 584 (1999) (Defining "residence" as "either a temporary or permanent dwelling . . . to

which one intends to return."); *see also State v. Drake*, 149 Wn. App. 88, 94-95, 201 P.3d 1093

(2009) (Where defendant maintains a residence and intends to return to the residence, the

defendant is "under no duty to change his registration to another residence or declare that he had

no fixed residence."). Thus, we examine only whether the State presented sufficient evidence

that Fletcher knowingly failed to register within three business days of the date that he did not

intend to return to his registered address.

Here, Voosen testified that Fletcher moved away from his registered address at the

beginning of March. Perry testified that he went to Fletcher's registered address on March 27

and saw that his apartment was empty. Timmons testified that he went to Fletcher's registered

address three days later and saw that the front door was open and that eviction and abandonment

notices were posted on the door. Timmons also testified that he went inside the apartment and

did not see any items inside indicating that someone was currently residing there. Additionally,

the jury was presented with photographs showing the condition of Fletcher's apartment on

March 31. We hold that this was sufficient evidence from which the jury could reasonably infer

that Fletcher did not intend to return to his registered address. The jury could also reasonably

infer that Fletcher's failure to register was knowing based on his conduct in previously

registering under the statute. *See, e.g.*, *State v. Castillo*, 144 Wn. App. 584, 589-90, 183 P.3d

355 (2008) (Jury could reasonably infer that defendant's failure to register was knowing where

State presented evidence of defendant's prior registrations.); *State v. Vanderpool*, 99 Wn. App. 709, 713-14, 995 P.2d 104 (2000) (same).

Fletcher argues that *Drake* commands a different result. In *Drake*, Division Three of this court held that the defendant's eviction from his registered address, absent any "evidence from which it could be inferred that [the defendant] did not intend to return to his apartment," was insufficient to prove a violation of RCW 9A.44.130. 149 Wn. App. at 94. This case is distinguishable from *Drake* because, in addition to evidence that Fletcher was evicted from his registered address in early February, the State presented evidence from which the jury could infer that he did not intend to return to his registered address. Accordingly, we affirm Fletcher's conviction for failure to register as a sex offender.

## II. SENTENCING

Next, Fletcher asserts that the sentencing court erred by concluding that his conviction was a class C felony. Specifically, Fletcher appears to argue that because this was his first conviction for failure to register as a sex offender under former RCW 9A.44.132, his conviction was not a sex offense and, thus, did not constitute a class C felony. We disagree.

Former RCW 9A.44.132's offense classification scheme does not depend on whether a defendant's failure to register conviction is considered a sex offense. Rather, former RCW 9A.44.132 provides that a conviction for failure to register as a sex offender is (1) a gross misdemeanor if the defendant failed to register after committing a non-felony sex offense,[1] (2) a class C felony if it is the defendant's first or subsequent felony conviction for failure to register

---

[1] Because Fletcher stipulated at trial that he had a duty to register after previously being convicted of a "felony sex offense," this sentencing classification provision clearly did not apply. Clerk's Papers at 17.

as a sex offender, and (3) a class B felony if the defendant has two or more previous felony convictions for failure to register as a sex offender. Under this classification scheme, Fletcher's assertion that the trial court erred by classifying his conviction as a class C felony is meritless. Accordingly, we affirm Fletcher's conviction and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.