# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55359-7-II |
| Respondent, | |
| v. | |
| BRIAN JOSEPH PETERS, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Brian Joseph Peters appeals his conviction for failure to register as a sex offender. We hold there is sufficient evidence in the record to support Peters's conviction and we affirm.

### FACTS

Peters was convicted of a felony sex offense in 2015, which required him to register as a sex offender. Peters registered in 2015 and 2016. In 2017 and 2018, Peters registered at an address in Ocean Shores where Peters had purchased property. The property contained two fifth wheel trailers and a mobile home. There was no mailbox on the property, and Peters's mailing address was a post office box in Bellevue near his treatment center.

Grays Harbor County Sheriff employee Nick Byron conducted a registration address verification for Peters in September 2019. After Byron failed to make contact with Peters at the registered property on two consecutive days, the State charged Peters with failure to register as a sex offender. Peters stipulated that he had a prior conviction requiring sex offender registration and that the registration requirement was in effect on the date he was charged.

At trial, Byron testified that both days he visited the registered property there were no vehicles present, no lights were on, and he had to walk through cobwebs to approach the front door of one of the trailers. Peters's neighbor, Dennis Erickson, who did not work, testified that he saw Peters's car on the registered property "maybe three times a year." Verbatim Report of Proceedings (VRP) (Nov. 19, 2020) at 93. Erickson testified that he observed Peters spend the night on the property only once.

Peters testified that at the time of the verification he was employed as a truck driver and worked 6 days a week, from 52 to 82 hours per week. Peters explained that he usually left his house by 3 a.m., "would work anywhere from 13 and a half hours to 16 hour days," then return home between 10 p.m. and midnight. *Id.* at 124. The trial court admitted as evidence a log of Peters's work hours, which indicated that Peters frequently worked in excess of 13 hours per day. The log indicated that Peters worked 3.8 hours the first day that Byron visited his property and 13.5 hours the second day. Peters also said that on nights when he participated in 12-step program meetings or had therapy near his work, he would stay with his girlfriend, so he did not sleep at home every night. Peters acknowledged that the bulk of his time was spent in his work truck but stated that he considered the registered property his home. The trial court admitted evidence of Peters's monthly payments for the registered property as well as his payment of community dues, utilities, and local taxes.

The jury found Peters guilt of failure to register as a sex offender. Peters appeals.

ANALYSIS

Peters argues this court should reverse his conviction because the State did not prove beyond a reasonable doubt that he relocated without intending to return to his registered residence.

2

The State argues there was sufficient evidence for the jury to find that Peters relocated without registering.

When reviewing the sufficiency of the evidence, we ask whether, viewing the evidence in the light most favorable to the State, a rational trier of fact could find that the State proved all of the crime's essential elements beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). A sufficiency of the evidence challenge admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "We defer to the fact finder on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

A convicted sex offender must register with the county sheriff "whether or not the person has a fixed residence." RCW 9A.44.130(1)(a). A "fixed residence" is "a building that a person lawfully and habitually uses as living quarters a majority of the week." RCW 9A.44.128(5). A person uses a building as a living quarters if they "conduct activities consistent with the common understanding of residing, such as sleeping; eating; keeping personal belongings; receiving mail; and paying utilities, rent, or mortgage." *Id.* If the offender lacks a fixed residence, they must inform the sheriff "where [they] plan[] to stay" within three business days of entering the county or ceasing to have a fixed residence, and they must report in person to the sheriff every week. RCW 9A.44.130(2)(a), (6)(a)-(c).

RCW 9A.44.132(1) provides, "A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." Previously

registering as a sex offender can support an inference of knowledge about the registration requirement. *State v. Vanderpool*, 99 Wn. App. 709, 713-14, 995 P.2d 104 (2000).

To convict Peters, the State had to prove beyond a reasonable doubt that Peters knowingly violated the registration requirement. RCW 9A.44.132(1). The jury heard testimony that Peters had registered as a sex offender at his Ocean Shores address. Erickson testified that he only observed Peters on the registered property a handful of times in the two years that Peters owned the property. Peters testified and presented evidence that he regularly worked in excess of 13 hours per day, although he worked only 3.8 hours the first day that Byron attempted to contact him at the registered property.[1]

We defer to the fact finder's credibility determinations. *Ague-Masters*, 138 Wn. App. at 102. Viewing the evidence in a light most favorable to the State, and assuming all of the State's evidence, including Erickson's testimony is true, a rational fact finder could conclude that Peters knew of the registration requirement and had ceased to use the registered property as his fixed residence. By failing to register another address or inform the relevant county sheriff about his lack of a fixed residence, Peters violated the registration requirement of RCW 9A.44.130. Thus, there is sufficient evidence to support Peters's conviction. We affirm.

---

[1] We note that at sentencing, the trial court considered evidence that Peters applied and interviewed for many jobs nearer to Ocean Shores and the residence he had purchased there, but he was unable to find work close to home, in part because of his conviction.

No. 55359-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Le, C.J.

Maxa, J.